IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                      No. 1:15-cr-10057-JDB-1

ALPHONSO ROBERTS,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER THE FIRST STEP ACT OF 2018

---

On behalf of the Defendant, Alphonso Roberts, Assistant Federal Defender Jawara Griffin filed, on May 8, 2019, a "Notice of Completed Review - No Relief, Pursuant to the First Step Act of 2018," Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 75.) In its response filed June 17, 2019, the Government concurred. (D.E. 78.)

The Defendant was indicted in this district on July 20, 2015, for heroin trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 846. (D.E. 2.) The offenses charged occurred in 2014 and 2015. Pursuant to a guilty plea to one count of the indictment, he was sentenced on September 7, 2016, to eighty-four months' incarceration, to be followed by four years of supervised release. (D.E. 69.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, "the First Step Act permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses." *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, ___ F.3d ___, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010.").

The crime for which Roberts was convicted involved heroin rather than crack cocaine; accordingly, it was not a "covered offense" for FSA purposes. Moreover, the offense was not

committed before August 3, 2010.  As the FSA provides Defendant no relief, the motion is DENIED.

IT IS SO ORDERED this 15th day of August 2019.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE